UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZ DENEAL FORD,

      Petitioner,

v.

JAMES CORRIGAN,

      Respondent,

_____/

Case No. 2:25-CV-11000
HON. BRANDY R. MCMILLION
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER GRANTING THE MOTION TO STAY (ECF NO. 8), HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Martez Deneal Ford, an inmate at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, mutilation of a dead body, and possession of a firearm in the commission of a felony. *See generally* ECF No. 1. Petitioner has now filed a Motion to Stay Proceedings and Hold Petition in Abeyance (ECF No. 8) so that he can return to the state courts to exhaust additional claims that are not currently included in his current petition.

For the reasons below, the Court **GRANTS** the motion to stay. The pending petition is **HELD IN ABEYANCE** and the current proceedings are **STAYED** under the terms outlined in this opinion to permit Petitioner to return to the state courts to

1

exhaust his additional claims. The Court administratively **CLOSES** the case at this time, to be reopened at a later date, if necessary.

## I.

Petitioner was convicted of second-degree murder, mutilation of a dead body, and possession of a firearm in the commission of a felony following a jury trial in the Wayne County Circuit Court. ECF No. 1, PageID.1-2. Petitioner's conviction was affirmed on appeal. *People v. Ford*, No. 359985, 2024 WL 1123868 (Mich. Ct. App. Mar. 14, 2024), *lv. den.*, 13 N.W.3d 309 (Mich. 2024). Petitioner has now filed a petition for writ of habeas corpus with this Court, raising the claims that he raised on his appeal of right in the state courts. ECF No. 1, PageID.2-4. Petitioner now seeks to have his case held in abeyance so that he can return to the state courts and raise claims that have yet to be exhausted with the state courts and which are not included in the current petition. *See* ECF No. 8, PageID.124-125.

## II.

A federal district court may stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a

habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that a district court can never dismiss a fully exhausted habeas petition while unexhausted claims are pending in state court, for a federal court to depart from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling,* 246 F. App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court will therefore grant the motion to hold the petition in abeyance while Petitioner returns to the state courts to exhaust his additional claims. The outright dismissal of the petition, albeit without prejudice, might preclude the consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that justifies holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir.

2002). Here, the AEDPA statute of limitations would run on any claims not filed before November 22, 2025 (one year after the Michigan Supreme Court denied the leave to appeal in the state court proceedings). *See* 28 U.S.C. § 2244(d)(1); *see also* ECF No. 1, PageID.3; *People v. Ford*, 13 N.W.3d 309 (Mich. 2024).

There are other reasons that support holding the petition in abeyance while Petitioner exhausts his new claims in the state courts. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.* Indeed, if Petitioner were to succeed on his claims in state court, his habeas claims before this Court likely would be moot. *Esters v. Schiebner*, 591 F. Supp. 3d 218, 221 (E.D. Mich. 2021). And even if he does not prevail in the state courts, "this Court would surely benefit from the state court's adjudication of Petitioner's claim[s] and any attendant testimony." *Id.*

4

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. But this tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F.3d at 721.

Petitioner states that he seeks to file a motion for relief from judgment in the state court to raise his additional claims. *See* ECF No. 8, PageID.124. Such a motion filed in the Wayne County Circuit Court would allow him to exhaust those claims under M.C.R. 6.502. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment would then be reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *Se* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.305; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals

5

and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.

Accordingly, **IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the habeas petition is **HELD IN ABEYANCE** until Petitioner exhaust his newly raised claims in state court.

**IT IS FURTHER ORDERED** that Petitioner shall file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.

**IT IS FURTHER ORDERED** that after Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay, using the same caption and case number. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Esters v. Schiebner*, 591 F. Supp. 3d at 222, *Thomas,* 89 F. Supp. 3d at 943-944.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

Dated: July 24, 2025           s/Brandy R. McMillion
                               HON. BRANDY R. MCMILLION
                               UNITED STATES DISTRICT JUDGE